IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOCELYN JONES and JOHN JONES, | No. C 06-00717 SI |
| Plaintiffs, | **ORDER DENYING PETITION TO COMPEL ARBITRATION AND STAYING CROSS-CLAIMS** |
| v. | |
| ST. PAUL TRAVELERS, et al., | |
| Defendants. | |

The St. Paul Travelers Companies, Inc. and St. Paul Fire and Marine Insurance Company (collectively "St. Paul") have filed a petition to compel arbitration and a motion to dismiss or stay, currently scheduled for hearing on September 29, 2006.  Pursuant to Civil Local Rule 7-1(b), the Court finds the motion suitable for resolution without oral argument and therefore VACATES the September 29, 2006 hearing.  Having carefully considered the parties' papers, and for the reasons set forth below, the Court DENIES the petition to compel arbitration without prejudice, DENIES the motion to dismiss the cross-claims, and GRANTS the motion to stay the cross-claims.

**BACKGROUND**

On March 6, 2001, plaintiff Jocelyn Jones suffered the loss of a portion of her arm in the course of her employment at Watkins Engineers and Constructors in Georgia.  At the time of the injury, Watkins, through its parent company Dillingham Construction Holdings, Inc. ("Dillingham"), had a primary insurance policy with defendant St. Paul, and excess insurance through cross-complainants Great American Assurance Company, National Union Fire Insurance Company of Pittsburgh, PA, and Zurich American Insurance Company (collectively "Excess Insurers").  Joint Submission to Arbitrator

(attached at McCurdy Decl., Ex. 1)

The Excess Insurers participated in an Integrated Risk Program with St. Paul to provide excess insurance to Dillingham. *See* St. Paul's Request for Judicial Notice in Support of its Petition to Compel Arbitration, Ex. A at Ex. 1 ("Claim Service Agreement")[1]. As part of the Integrated Risk Program, St. Paul and Excess Insurers entered into a Claims Service Agreement. *Id.* Article VII of the Claims Service Agreement contains an arbitration provision which requires that all matters in dispute between St. Paul and the Excess Insurers be referred to arbitration. *Id.*

Jocelyn and John Jones obtained a judgment against Watkins Engineers in Georgia state court on November 22, 2004, and obtained a sister-state judgment in California state court on October 14, 2005. Thereafter plaintiffs filed suit against defendant insurance companies in California State Superior Court, alleging violations of the California Insurance Code. Defendants removed the action to federal court on February 1, 2006. All defendants had answered the complaint by February 17, 2006.

On July 21, 2006, the Excess Insurers filed cross-claims against St. Paul for declaratory relief, breach of contract, breach of covenant of good faith and fair dealing, equitable subrogation, equitable indemnity/contribution, and breach of duty to settle. The Excess Insurers and St. Paul have agreed to submit to arbitration before the Honorable Edward A. Panelli, and have submitted a joint statement to him in advance of the arbitration. *See* Declaration of Mary P. McCurdy, Ex. 1; Declaration of Wynn C. Kaneshiro. There is currently no date set for the arbitration. *See* McCurdy Decl. St. Paul now moves to compel arbitration and dismiss the cross-claims, or, alternatively, to stay the cross-claims in this case.

**LEGAL STANDARD**

Section 4 of the Federal Arbitration Act permits "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States District Court . . . for an order directing that . . . arbitration proceed in the manner

---

[1] The Court GRANTS St. Paul's request for judicial notice. (Docket No. 54).

2

provided for in [the arbitration] agreement." 9 U.S.C. § 4. Upon a showing that a party has failed to comply with a valid arbitration agreement, the court must issue an order compelling arbitration. *See Cohen v. Wedbush, Noble Cooke, Inc.,* 841 F.2d 282, 285 (9th Cir. 1988).

In determining whether to issue an order compelling arbitration, the court may not review the merits of the dispute, but must limit its inquiry to (1) whether the contract containing the arbitration agreement evidences a transaction involving interstate commerce, (2) whether there exists a valid agreement to arbitrate, and (3) whether the dispute(s) fall within the scope of the agreement to arbitrate. *See Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 477-478 (9th Cir. 1991), *cert denied*, 503 U.S. 919 (1992). If the answer to each of these queries is affirmative, then the court must order the parties to arbitration in accordance with the terms of their agreement. 9 U.S.C. § 4.

State law principles of contract formation and interpretation apply to the interpretation of arbitration clauses. *See Wolsey, Ltd. v. Foodmaker, Inc.*, 144 F.3d 1205, 1210 (9th Cir. 1998); *Hyundai America, Inc. v. Meissner & Wurst GMBH & Co.,* 26 F. Supp. 2d 1217, 1218-19 (N.D. Cal. 1998). An unambiguous term should be enforced according to its terms. *Hyundai America*, 26 F. Supp. 2d at 1219 (citing *Botefur v. City of Eagle Point, Oregon*, 7 F.3d 152 (9th Cir. 1993)). *See also Statewide Realty Co. v. Fidelity Mgt. & Research Co.,* 611 A.2d 158, 162 (N.J. 1992) (when "[p]resented with a contract whose terms are clear and unambiguous, the court must enforce the terms as written").

**DISCUSSION**

St. Paul contends that the Court should compel arbitration and dismiss the Excess Insurers' cross-claims because the Excess Insurers cannot simultaneously agree to arbitration and pursue their cross-claims in federal court. In lieu of dismissal, St. Paul alternatively seeks to stay the cross-claims pending the arbitration. The Excess Insurers contend that St. Paul's motion to compel arbitration is unnecessary because they have already agreed to arbitrate before Justice Panelli. They further argue that dismissal of the cross-claims is inappropriate as it is not clear at this point if all the claims before the Court are arbitrable. Finally, the Excess Insurers argue that if the Court is inclined to stay any claims, the Court should stay the entire action pending arbitration.

Based upon the record before the Court, the Court finds it unnecessary to compel arbitration.

St. Paul and the Excess Insurers have agreed to arbitrate, and indeed those proceedings have been initiated. The Court disagrees that the filing of cross-claims constitutes a refusal to arbitrate. Absent a refusal to arbitrate, St. Paul's motion to compel arbitration is premature. *See* 4 U.S.C. § 4 ("[T]he party aggrieved by the alleged . . . *refusal to arbitrate* . . . may petition any United States district court . . . for an order directing that such arbitration proceed") (emphasis added); *see also Painewebber, Inc. v. Faragalli*, 61 F.3d 1063, 1066 (3rd Cir. 1995) (holding the right to compel arbitration only accrues when the opposing party "unequivocally refuses to arbitrate, either by failing to comply with an arbitration demand or by otherwise unambiguously manifesting an intention not to arbitrate"). Accordingly, St. Paul's petition to compel arbitration is denied without prejudice to renewal in the event that any of the Excess Insurers refuse to proceed with arbitration.

The Court has discretion whether to stay litigation for the non-arbitrating parties when the case includes both arbitrable and non-arbitrable claims. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 21 n.23. The Court concludes that even though the cross-claims may be wholly subsumed within the arbitration provision of the Claims Service Agreement, at this stage in the case, it is appropriate to stay the cross-claims and allow the remainder of the case to proceed. In the interest of judicial efficiency, plaintiffs' claims against defendants should proceed while the issues surrounding Excess Insurers cross-claims against St. Paul are resolved in arbitration.

## CONCLUSION

For the foregoing reasons, the Court DENIES St. Paul's petition to compel arbitration, DENIES the motion to dismiss the cross-claims, and STAYS the cross-claims pending arbitration. (Docket No. 53).

**IT IS SO ORDERED.**

Dated: September 27, 2006

_____
SUSAN ILLSTON
United States District Judge

4