**United States District Court**
For the Northern District of California

1
2
3
4
5                        IN THE UNITED STATES DISTRICT COURT

6                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    JOCELYN JONES and JOHN JONES,                No. C 06-00717 SI

9              Plaintiffs,                        **ORDER DENYING DEFENDANTS'**
                                                  **MOTION TO DISMISS AND GRANTING**
10      v.                                        **MOTION TO BIFURCATE THE TRIAL**

11   ST. PAUL TRAVELERS, et al.,

12              Defendants.
                                         /
13

14         On September 22, 2006, the Court heard oral argument on the motion to dismiss filed by

15   defendants Great American Assurance Company and National Union Fire Insurance Company of

16   Pittsburgh, PA.[1]  Having carefully considered the papers submitted by the parties and arguments of

17   counsel, the Court DENIES defendants' motion to dismiss and GRANTS in part and DENIES in part

18   defendants' alternative motion to bifurcate the bad faith claim.

19

20                                      **BACKGROUND**

21   **1.      Procedural Background**

22         Plaintiffs filed suit pursuant to California Insurance Code § 11580[2] against defendant insurance

23

24         [1] According to defendants' motion, plaintiffs improperly sued Agricultural Insurance Company
     and the correct defendant is Great American Assurance Company.  Similarly, defendants' motion states
25   that plaintiffs erroneously sued National Union Insurance Company, and the correct defendant is
     National Union Fire Insurance Company of Pittsburgh, PA.
26

27         [2] Section 11850 provides, in relevant part, "[W]henever judgment is secured against the insured
     or the executor or administrator of a deceased insured in an action based upon bodily injury, death, or
28   property damage, then an action may be brought against the insurer on the policy and subject to its terms
     and limitations, by such judgment creditor to recover on the judgment." Cal. Ins. Code § 11580.

1    companies in California Superior Court on December 9, 2005. Defendants removed the action to federal

2    court on February 1, 2006. All defendants answered the complaint by February 17, 2006. On June 23,

3    2006, plaintiffs filed a motion with this Court asking leave to file a supplemental complaint. All

4    defendants filed a statement of non-opposition to plaintiffs' motion.

5         On July 12, 2006, plaintiffs filed a supplemental complaint for damages which included a claim

6    for bad faith. Defendants St. Paul Travelers, Inc., and St. Paul Fire and Marine Insurance Company

7    (collectively "St. Paul") answered the supplemental complaint, and defendant Zurich American

8    Insurance Company ("Zurich") entered into a settlement agreement with plaintiffs. Defendants Great

9    American Assurance Company ("Great American") and National Union Fire Insurance Company of

10   Pittsburgh, PA ("National Union") filed the instant motion to dismiss.

11

12   **2.      Factual Background**

13        On or about March 6, 2001, plaintiff Jocelyn Jones suffered the loss of a portion of her arm while

14   operating machinery at her workplace in Georgia. Supp. Compl. ¶ 10. Plaintiffs obtained a judgment

15   against Jones' employer, Watkins Engineers & Constructors, Inc., ("Watkins"), on November 22, 2004,

16   and obtained a sister-state judgment in California on October 14, 2005. *Id.* ¶¶ 10-11. According to the

17   complaint, at the time of the accident Watkins had an insurance policy with defendants through its

18   parent company, Dillingham Construction Holdings, Inc. ("Dillingham"). *Id.* ¶12. Under the policy,

19   St. Paul agreed to insure Dillingham's losses up to $1.5 million with a self-insured retention of

20   $250,000. *Id.* Dillingham also had another $20 million in excess coverage with all defendants through

21   an Integrated Risk Program. The policy obligated each defendant to provide excess insurance coverage

22   in the following amounts: 40% to Great American, 25% to St. Paul, 25% to National Union, and 10%

23   to Zurich. *Id.*

24        Plaintiffs' bad faith claim is based upon defendants' allegedly unreasonable refusal to pay the

25   judgment obtained against Watkins. Plaintiffs allege that defendants "unreasonably refused and

26   persisted in their unreasonable refusal, to pay a judgment against the insured." *Id.* ¶ 17. Plaintiffs assert

27   that they gave defendants notice of the sister-state judgment when they filed this action and waited a

28   reasonable time for defendants to pay the judgment.

**United States District Court**
For the Northern District of California

**LEGAL STANDARD**

**1.     Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor.  *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings.  *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court chooses to dismiss the complaint, it must then decide whether to grant leave to amend.  In general, leave to amend is only denied if it is clear that amendment would be futile and "that the deficiencies of the complaint could not be cured by amendment."  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Laboratories*, 622 F.2d 458 , 460 (9th Cir. 1980) (per curiam)); *see Poling v. Morgan*, 829 F.2d 882, 886 (9th Cir. 1987) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (futility is basis for denying amendment under Rule 15).

**2.     Bifurcation**

Under Federal Rule of Civil Procedure 42(b), the district court may bifurcate the trial if the district court believes that separate trials will result in justice, avoid prejudice, and further the convenience of the parties.  The district court may consider bifurcating the trials if the controversy involves more than one cause of action or defense, and a separate trial of one issue may render the trial for the other issue unnecessary.  *See Rose v. A.C.&S., Inc.,* 796 F.2d 294, 298 n.2 (9th Cir.1986).  In deciding whether to grant a party's motion under Rule 42(b), the Court must decide whether the issues are clearly separable and can be tried without confusing the jury.  *See Angelo v. Armstrong World Indus., Inc.,* 11 F.3d 957, 965 (10th Cir. 1993).  The district court must also determine that bifurcating the issues will not prejudice the parties.  *Id.*

**DISCUSSION**

**I.      Choice of Law**

        The parties dispute whether Georgia or California law applies.  The parties agree that the bad faith claim is barred under Georgia law, but they dispute whether such a claim is permitted under California law.  The Court "must apply the choice-of-law rules of the state in which it sits."  *Abogados v. AT&T*, 223 F.3d 932, 934 (9th Cir. 2000).  California applies a three-part governmental interest test to determine which laws apply.  *See Arno v. Club Med Inc.,* 22 F.3d 1464, 1467 (9th Cir. 1994).  First, the Court determines whether the substantive law of the two states differs.  *Id.*  If so, the Court examines each state's interest in applying its law to determine if there is a true conflict.  *Id.*  If each state has a legitimate interest in applying its law, the Court compares the impairment to each jurisdiction under the other state's rule of law.  *Id.  See also Washington Mutual Bank, FA v. Superior Court*, 24 Cal.4th 906, 919 (2001) (holding "California follows a three-step 'governmental interest analysis' to address conflict of laws claims and ascertain the most appropriate law applicable to the issues where there is no effective choice-of-law agreement").

        **A.      Bad Faith Claim under Georgia and California Law**

        The Court must first determine whether the substantive law of California and Georgia differs as to plaintiff's bad faith claim.  *See Abogados*, 223 F.3d at 934.  The parties do not dispute that Georgia law prohibits plaintiffs from bringing a bad faith claim.  Defendants argue that California does not permit a bad faith claim.  Plaintiffs argue that California permits a bad faith claim based upon the holding in *Hand v. Farmers Insurance Exchange,* 23 Cal. App. 4th 1847 (1994).  In *Hand*, the plaintiff was involved in a car accident with the insured.  *Id.* at 1852.  The insurer made representations to the plaintiff that the claim was covered under the policy and made settlement offers within the policy limit. *Id.* at 1851.  After the plaintiff obtained a judgment against the insured, the insurer refused to pay the judgment.  *Id.* at 1852.  The plaintiff thereafter brought an action against the insurer under California

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1    Insurance Code Section 11850. *Id.*

2        The California Court of Appeal held that a third-party claimant who receives a final judgment

3    against the insured could bring a bad faith claim against the insurer.  "[T]he duty not to withhold in bad

4    faith payment of adjudicated claims runs not only in favor of the insured but also in favor of a judgment

5    creditor such as plaintiff here." *Id.* at 1858.  Defendants argue that the Court should disregard *Hand*

6    because it is factually distinguishable and because the decision has been criticized.  Although the Court

7    agrees that the facts of *Hand* differ from those alleged in the supplemental complaint, *Hand*'s holding

8    is not limited to the specific facts presented in that case.  Moreover, although there may be some

9    criticism of *Hand*, it is still good law.  Accordingly,  the Court concludes that California law, as

10   articulated in *Hand*, permits a judgment creditor to sue an insurer for bad faith under Section 11850 of

11   the California Insurance Code.  Because the Court finds that the laws of California and Georgia differ

12   as to the bad faith claim, a choice of law analysis is necessary.

13

14       **B.    True Conflict Analysis**

15       The Court must next "determine whether a 'true conflict' exists in that each of the relevant

16   jurisdictions has an interest in having its law applied." *Abogados*, 223 F.3d at 934.  If only one state

17   has an interest in applying its rules, there is a false conflict and the Court applies the law of the state

18   with an interest. *Id.*  Defendants argue that Georgia has a significant interest in applying its laws

19   because plaintiffs are Georgia residents, the injury to plaintiff occurred in Georgia, and plaintiffs

20   obtained a default judgment against Watkins in Georgia.  Defendants further argue that plaintiffs created

21   the only ties this case has to California when plaintiffs obtained a sister-state judgment in California and

22   filed the Section 11580 action in the Superior Court of the State of California.  Defendants argue that

23   as non-residents, plaintiffs are not members of the class which California insurance law protects.

24       Plaintiffs argue that Georgia has no interest in having its law applied to this dispute as they are

25   the only parties with ties to Georgia.[3]  They further argue that Georgia law does not permit a judgment

26   _____

27       [3]  Defendant Great American is incorporated in South Dakota, but has its principal place of
     business in Los Angeles, California.  Supp. Compl. ¶ 6; Def. Reply p.6: Defendant National Union is
28   incorporated in Pennsylvania.  Supp. Compl. ¶ 7.

United States District Court

For the Northern District of California

1   creditor to sue the insurance company directly for bad faith without an assignment from the insured.

2   Plaintiffs argue that the purpose of this law is to protect the insurance companies.  Plaintiffs also argue

3   that Georgia has no interest in applying its laws because its laws would disadvantage plaintiffs.  *See*

4   *Hurtado v. Superior Court*, 11 Cal.3d 574 (1974) (recognizing the application of a foreign state's law

5   was detrimental to the plaintiffs, thereby lessening the foreign state's interest in applying its laws).

6   Plaintiffs further argue that since this action was filed in a California court, California has a preference

7   in applying its own laws.

8       The Court concludes that both states have an interest in the application of that state's law to the

9   instant lawsuit, thus creating a true conflict.  California has an interest in applying its own laws to the

10   forum in which it sits, and Georgia has an interest in applying its laws to its residents.  Because a true

11   conflict exists, the Court must evaluate the third prong of the choice of law analysis.  *Id.* at 580.

12

13       **C.       Comparative Impairment to States' Interests**

14       Finally, the Court must identify and apply the law of the state whose interest "would be more

15   impaired if its laws were not applied."  *Abogados*, 223 F.3d at 934.  (internal quotation marks omitted).

16   The parties do not dispute that Georgia precludes a plaintiff from bringing a bad faith claim against the

17   insured.  Therefore, Georgia's interest in barring bad faith claims such as in this dispute and protecting

18   the insurance companies from actions by third-party beneficiaries would be impaired if this Court

19   permitted plaintiffs to bring a bad faith claim under California law.

20       California, however, has a stronger interest in applying its laws because California has an

21   interest in protecting third-party beneficiaries who stand in the shoes of the insured via Section 11850

22   of the California Insurance Code, and regulating the conduct of insurers operating within the state.  *See*

23   *Federal Sav. & Loan Ins. Corp. v. Transamerica Ins. Co*, 661 F. Supp. 246, 252 (C.D. Cal. 1987)

24   (recognizing that California has an interest in seeing that its resident businesses behave properly).  The

25   supplemental complaint alleges that both Great American and National Union are authorized to transact

26   business in California.  *See* Supp. Compl. ¶¶ 6-7.  Accordingly, the Court concludes that there would

27   be a stronger impairment to California's interest if the Court did not apply California law.

28       Defendants argue that the Court, in considering the strength of the California's interest in

6

applying its law, can consider "the relative commitment of the respective states to the laws involved" and "the history and the current status of the state laws." *Washington Mutual Bank v. Superior Court*, 24 Cal.4th 906, 920 (2001). Defendants argue that California is not committed to the holding in *Hand* and direct the Court to consider the criticism of *Hand's* holding. As stated *supra*, however, although the Court is cognizant of the criticism of *Hand*, *Hand* is still good law. Accordingly, the Court applies California law, which permits plaintiffs' bad faith claim, and DENIES defendants' motion to dismiss.

## II.      Bifurcation

Defendants alternatively seek to bifurcate discovery and the trial with respect to plaintiffs' bad faith claim. In deciding a motion for bifurcation pursuant to Federal Rule of Civil Procedure 42(b), the Court considers factors such as convenience, prejudice, judicial economy and whether the issues are clearly separable. *See* Schwarzer, Tashima & Wagstaffe, Fed. Civ. Proc. Before Trial 16:160.4 (1999); *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982). The Court finds that there is no need to bifurcate discovery because the issues surrounding plaintiffs' § 11850 and bad faith claims are intertwined. However, the Court concludes that it is appropriate to bifurcate the trial in light of the potential prejudice to defendants.

### CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motion to dismiss, DENIES defendants' motion to bifurcate discovery, and GRANTS the motion to bifurcate the trial. (Docket No. 49).

**IT IS SO ORDERED.**

Dated: October 14, 2006

SUSAN ILLSTON
United States District Judge