IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOCELYN JONES and JOHN JONES, | No. C 06-0717 SI |
| Plaintiffs, | **ORDER GRANTING ZURICH'S MOTION FOR GOOD FAITH DETERMINATION OF SETTLEMENT** |
| v. | |
| ST PAUL TRAVELERS, et al., | |
| Defendants. | |

On November 3, 2006, the Court heard oral argument on the motion by defendant Zurich American Insurance Company ("Zurich") for a good faith determination of settlement. Having considered the papers submitted by the parties and arguments of counsel, the Court GRANTS defendant's motion.

Based on the unique circumstances and facts of this case, the Court finds that Section 877.6 of the California Code of Civil Procedure is applicable to Zurich's settlement with plaintiffs. Under the Integrated Risk Policy, each defendant had a contractual obligation to provide its proportionate share of excess liability coverage. St. Paul acknowledged at oral argument that if plaintiffs prevailed in this action, it might seek indemnification from Zurich based on the Integrated Risk Policy. Accordingly, the Court concludes Zurich is a co-obligor on the Integrated Risk Policy, and thus that Section 877.6 applies. The Court further finds that the settlement was in good faith. *See Tech-Built, Inc. v. Woodward-Clyde & Associates*, 38 Cal. 3d 488, 499 (1985).[1]

---

[1] The Court also notes that Zurich may be considered a joint tortfeasor under § 877.6 in light of the bad faith allegations of the complaint. St. Paul contends that the nature of plaintiffs' bad faith claim is such that any defendant's tort liability is separate, and represented that if plaintiffs prevailed on the bad faith claim St. Paul would not seek contribution or indemnity from Zurich as to the bad faith claim. Thus, a faith determination under § 877.6 will not prejudice St. Paul as to the bad faith claim.

1  For the foregoing reasons, the Court GRANTS defendant's motion for a good faith determination of settlement and orders, pursuant to Section 877.6(c), that defendants in this action are barred from pursuing any past, present, or future claims against Zurich, for contribution or indemnity under any theory, arising out of the events that are the subject of this action. (Docket No. 64).

**IT IS SO ORDERED.**

Dated: November 8, 2006

SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California

2