United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOCELYN JONES AND JOHN JONES,

Plaintiffs,

v.

ST. PAUL TRAVELERS COMPANIES, INC., et al.,

Defendants.
_______________________________________/

No. C 06-0717 SI

**ORDER GRANTING ST. PAUL'S MOTION TO COMPEL**

By letter briefs, the parties seek resolution of a dispute concerning discovery requests recently propounded by defendant St. Paul upon plaintiffs.[1] Defendant seeks an order compelling plaintiffs to respond to the following document requests:

> 1. Any and all documents that refer to or relate to the Underlying Action, including but not limited to pleadings, motions, oppositions, replies, correspondence, discovery requests, discovery responses, deposition transcripts, releases and agreements including those documents in the possession or custody of the attorneys that represented Jones in the Underlying Action;
>
> 2. Any and all documents which refer to or relate to the Accident;
>
> 3. Any and all documents which refer or relate to settlement(s) in the Underlying Action and
>
> 4. Any and all documents which refer to or relate to or constitute payment of settlement(s) in the Underlying Action.[2]

Plaintiffs object to defendant's requests solely on relevancy grounds. Defendant contends that the

---

[1] The letter briefs are found at Docket Nos. 88 and 89.

[2] Neither party has provided the Court with a copy of the document requests. This language is taken from defendant's letter brief.

United States District Court
For the Northern District of California

documents sought are relevant to defenses it may assert in this action.

Plaintiffs sued St. Paul under California Insurance Code § 11580 to recover on a default judgment resulting out of plaintiff Jocelyn Jones's workplace injury. In a claim brought under § 11580, a defendant insurer may raise a defense based on lack of coverage, as well as of collusion when presented with a default judgment. *See Garamendi v. Golden Eagle Ins. Co.*, 116 Cal. App. 4th 694, 711 (2004) (Section 11580 claims recovering on default judgments "necessarily involve significant independent adjudicatory action by the court, thus mitigating the risk of a fraudulent or collusive settlement between an insured and the claimant"); *see also Pruyn v. Agric. Ins. Co.*, 36 Cal. App. 4th 500, 517 n.16 (1995) (Courts must "exclude, of course, those trial proceedings which are clearly a patent sham collusively designed to create a judgment for which liability insurance coverage would then exist."). Some courts have also held that defendants in an action under § 11580 may raise a defense based on an insured's breach of a cooperation or notice clause, provided the insurer was "substantially prejudiced thereby." *Campbell v. Allstate Ins. Co.*, 60 Cal.2d, 303, 306 (1963).

The Court finds defendant is entitled to the documents sought because they may be relevant to the defenses listed above. In particular, defendant asserts (and plaintiffs deny) that plaintiffs did not provide St. Paul with notice of various proceedings leading to the default judgment. Similarly, plaintiffs' settlements with the parties in the personal injury action could be relevant to a collusion defense. Accordingly, the Court GRANTS defendant's motion to compel. Plaintiffs are ordered to produce the requested documents no later than **February 26, 2007**.

**IT IS SO ORDERED.**

Dated: February 15, 2007

Susan Illston

SUSAN ILLSTON
United States District Judge