IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOCELYN JONES and JOHN JONES, | No. C 06-0717 SI |
| Plaintiffs, | **ORDER RE: DISCOVERY** |
| v. | |
| ST. PAUL TRAVELERS, et al., | |
| Defendants. | |

The parties have submitted a discovery dispute to the Court for resolution.[1] The dispute concerns plaintiffs' refusal to produce certain documents on the grounds that they are privileged. Defendant contends that plaintiffs have waived the attorney-client privilege, that the HIPAA privilege does not apply, and that if any privilege applies, plaintiffs should be require to amend their privilege log.

Plaintiffs should have asserted the attorney-client privilege, and produced a privilege log, earlier. However, because counsel initially asserted that the documents were wholly irrelevant to this action, and then later asserted the privilege, the Court finds that there was no waiver. The Court notes that in the future, plaintiffs' counsel would be wise to assert the privilege in a more timely fashion.

However, the privilege log, which simply lists dates and bare descriptions such as "letter to client," is woefully deficient and some of the documents listed, such as correspondence between co-counsel, would not appear to be privileged at all. A privilege log proponent must "make the claim expressly and shall describe the nature of the documents, communications, or things not produced or

---

[1] The parties' letter briefs are found at Docket Nos. 107 and 108.

disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). **No later than May 21, 2007**, plaintiffs are ordered to supplement their privilege log with the following information: (1) the general nature of the document (without disclosing its contents); (2) date created; (3) author; (4) recipient(s); and (5) privilege asserted. Plaintiffs should take care to ensure that the log is sufficiently detailed to enable defendants to meaningfully assess the applicability of the privilege.

Plaintiffs also assert that various documents are privileged under the Health Information Portability and Accountability Act ("HIPAA"). That Act contains regulations that govern the disclosure of a patient's medical information by a "covered entity." *See* 45 C.F.R. § 164.512. Plaintiffs do not make any attempt to show how HIPAA applies in this context. Plaintiffs also concede that any medical privilege was waived in the underlying action, and also that because defendants already have plaintiff Jocelyn Jones' medical records and associated documentation, "the harm from disclosing the HIPAA authorization forms is minimal." The Court finds that plaintiffs may not withhold documents on the basis of an asserted HIPAA privilege. Plaintiffs must produce any documents withheld on this ground no later than **May 18, 2007**.

**IT IS SO ORDERED.**

Dated: May 14, 2007

SUSAN ILLSTON
United States District Judge