IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOCELYN JONES and JOHN JONES, | No. C 06-0717 SI |
| Plaintiffs, | **ORDER RE: DISCOVERY** |
| v. | |
| ST. PAUL TRAVELERS, et al., | |
| Defendants. | |

The parties have submitted a discovery dispute to the Court for resolution.[1] Plaintiffs jointly propounded several sets of interrogatories on defendant St. Paul, and St. Paul has refused to answer interrogatories 21-31 on the ground that plaintiffs have exceeded the 25 interrogatory limit contained in Federal Rule of Civil Procedure 33(a). The parties disagree on whether interrogatory subparts should count as separate interrogatories, and at which interrogatory plaintiffs reached the 25 limit. In any event, plaintiffs concede that at least interrogatories 26 through 31 exceed the limit, and they request leave to propound those additional interrogatories. Plaintiffs note if each plaintiff had propounded interrogatories separately, they each would not have exceeded the limit. Plaintiffs also assert that the excess interrogatories are relevant to the parties' claims and defenses, and thus that they need to propound those interrogatories.

The Court will permit plaintiffs leave to propound the additional interrogatories. Although defendant is correct that plaintiffs failed to comply with the Civil Local Rules regarding seeking permission to exceed interrogatory limits, the Court also finds that the interrogatories at issue are

---

[1] The parties' letter briefs are found at Docket Nos. 120 and 122.

relevant, and that defendant has not shown any prejudice. The Court orders defendant to respond to the interrogatories at issue within 14 days of the filing date of this order.[2]

**IT IS SO ORDERED.**

Dated: June 19, 2007

SUSAN ILLSTON
United States District Judge

---

[2] To the extent defendant has objected to certain contention interrogatories on the ground that they call for a legal conclusion, the Court advises defendant of the general rule that an interrogatory "is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . . ." Fed. R. Civ. Proc. 33(c).